UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARK KARAM,
                Plaintiff,

v.

NEW YORK POWER AUTHORITY,
CHRISTINE SCHMITT, JAMES
MUSCATELLO and RICHARD DOUGLASS,
                Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

16 CV 6286 (VB)

Briccetti, J.:

    Plaintiff Mark Karam brings this employment discrimination action against his current employer, the New York Power Authority ("NYPA"), and three fellow NYPA employees.

    Defendants move to transfer venue to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. 1404(a). (Doc. #30).

    For the reasons set forth below, the motion is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a).

## BACKGROUND

    Plaintiff resides in the Utica, New York, area in upstate New York, and works in a NYPA facility in Utica. Utica is located in the Northern District of New York. NYPA is a quasi-governmental corporation that operates power-generating facilities and sells electricity to customers throughout the state. NYPA is headquartered in White Plains, New York, in the Southern District of New York. The courthouse to which this case is assigned is also located in White Plains. Utica is approximately a 3½ hour drive from the White Plains courthouse. The Northern and Southern Districts of New York are, of course, adjacent to one another. Although the alleged underlying discriminatory conduct by defendant Douglass took place in Utica, plaintiff allegedly complained about that conduct to NYPA's Human Resources department in

1

White Plains. Material decisions regarding plaintiff's employment were allegedly made at NYPA headquarters in White Plains; for example, plaintiff claims that his supervisor, defendant Schmitt, who is based in White Plains, retaliated against him for complaining about Douglass. Plaintiff also alleges that NYPA employees in White Plains decided to ignore his complaints about Douglass and to take no remedial action with respect to Douglass. Relevant documents are maintained in both Utica and White Plains. Of the ten potential witnesses identified by the parties, five are based in White Plains and five are based in Utica. All ten witnesses are NYPA employees.

Plaintiff commenced this action on August 9, 2016 (Doc. #1), and defendants were all served in September 2016. (Docs. ##11-16). Defendants answered on October 31, 2016 (Docs. ##15-18), and filed the instant motion on February 27, 2017 (Doc. #26).[1]

## DISCUSSION

I.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." In re Stillwater Mining Co. Sec. Litig., 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003) (internal quotation marks omitted).

"Absent consent, a motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether

---

[1] Defendants' motion to transfer was initially rejected by the Clerk's office due to a filing error. It was re-filed on March 27, 2017. (Doc. #30).

considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." Mohsen v. Morgan Stanley & Co. Inc., 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted).

It is the moving party's burden to make a clear and convincing showing that transfer is appropriate. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).

II.  To Transfer Or Not To Transfer

The parties agree that this case could have been brought in either the Northern District or the Southern District. The question, then, is whether transfer to the Northern District is warranted in the interest of justice.

A district court has broad discretion in deciding whether to transfer a case pursuant to Section 1404(a). See In re Cuyahoga Equip. Corp., 980 F.2d 110, 116-17 (2d Cir. 1992); Filmline (Cross–Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). The Court should consider, among other things: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal quotations and bracket omitted).

The plaintiffs' choice of forum is the first consideration in deciding a Section 1404(a) transfer motion, and that choice is "entitled to substantial consideration." Warrick v. Gen. Elec. Co., 70 F.3d 736, 741 (2d Cir. 1995) (internal quotations omitted). Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

3

Lykes Bros. S.S. Co. v. Sugarman, 272 F.2d 679, 681 (2d Cir. 1959) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Having carefully considered all of the relevant factors, the Court concludes that plaintiff's choice of forum should not be disturbed. As for convenience of witnesses, five of the identified witnesses are located in the Southern District and five are located in the Northern District. Even if some of the more "important" witnesses are based in Utica, as defendants contend, this factor hardly weighs strongly in favor of transfer. And there are no non-party witnesses, so all witnesses will be equally available to both sides.

Moreover, the locus of operative facts is split between the two districts, and both sides will have equal and easy access to relevant documents given that document production these days largely takes place electronically.

As for the convenience of parties, plaintiff (who lives and works in the Utica area) is obviously willing to travel to White Plains in connection with the case; the other individual parties and witnesses are all NYPA employees who will undoubtedly be compensated for their time and travel expenses; and NYPA's headquarters are in White Plains and it has operations in both districts. Thus, this factor does not favor defendants.

Likewise, plaintiff is an individual whereas the principal defendant is a multi-billion dollar corporation; thus, the "relative means" factor does not cut in favor of defendants.

Finally, if defendants truly believed that litigating this case in the Southern District would be unnecessarily inconvenient, they would not have waited more than five months after they were served with process to bring this motion.

In short, defendants have not carried their heavy burden to show that transfer to the Northern District is appropriate.

**CONCLUSION**

Defendant's motion to transfer venue is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #30).

Dated: April 19, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge